THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ABNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-CV-04067-NKL |
| | ) | |
| LUZ GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER**

Pending before the Court is a Motion to Remand to the Circuit Court of Pettis County, Missouri, filed by Plaintiff Christopher Abney [Doc. # 6]. For the following reasons, the Motion is granted.

**I.     Background**

On May 15, 2009, Christopher Abney filed a Complaint against Defendant Luz Garcia, seeking damages for negligence on a claim that Garcia, driving his truck, sideswiped Abney and his motorcycle, causing injury. Garcia removed the case to federal court, claiming that he was a resident of Michigan at the time the suit was filed and that Abney was a resident of Missouri, establishing federal diversity jurisdiction. Abney filed a Motion to Remand [Doc. # 6], contending that both parties were residents of Missouri at the time the suit was filed.

**II.     Discussion**

## A.    Motion to Remand

Generally, a party may remove an action if it could originally have been filed in federal court.  28 U.S.C. § 1441(a).  Federal diversity jurisdiction exists when no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  In reviewing a motion to remand, a district court is required to resolve all doubts about federal jurisdiction in favor of remand.  *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

Establishing citizenship in a state requires "a person's physical presence in a state along with his intent to remain there indefinitely."  *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).  To establish federal diversity jurisdiction, diversity of citizenship must exist "at the time the suit is filed – not when the cause of action arose."  *Id.*

To establish diversity of citizenship, Garcia, as the removing party, must prove by a preponderance of the evidence that he was a resident of Michigan, not Missouri, on May 15, 2009, the date Abney filed suit.  Garcia has produced strong evidence that he now lives in Allen Park, Michigan.  Regarding Garcia's residence at the time suit was filed, however, Abney has produced a certified mail receipt, signed by Garcia at his Sedalia, Missouri, address on May 16, 2009, for the delivery of Abney's prejudgment interest affidavit.

Garcia has done nothing to explain his apparent presence in Missouri one day after the suit was filed.  He does not argue that he had established residency prior to this date and

was merely making a return visit, instead contending in his Suggestions in Opposition to Remand [Doc. # 12] that "[s]ince moving to Michigan in Spring 2009, Defendant has not returned to Missouri and has no intention to return to Missouri." Although Garcia argues that he had been "in the process" of moving to Michigan since placing his Sedalia, Missouri, home for sale in 2007, he is conspicuously vague about the date he physically moved to Michigan, stating repeatedly in his Suggestions in Opposition that he established residency in "May 2009" or "Spring 2009." Garcia's son, Aaron Garcia of Allen Park, Michigan, stated in his affidavit [Doc. # 12-B] that his father moved to Michigan "[b]efore being served with any lawsuit papers." However, his son did not state the exact date Garcia moved to Michigan, and Garcia has not attempted to explain the apparent discrepancy between his son's statement and the signed mail receipt.

Garcia has thus not met his burden of establishing his physical presence in Michigan on May 15, 2009, failing the presence prong of the state citizenship test stated in *Altimore*. The diversity of citizenship element of establishing of federal diversity jurisdiction has not been met.

### B.      Request for Costs and Expenses

Abney requests that the Court award him fees and costs incurred due to Garcia's improper removal of the case to federal court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1147(c). The standard for awarding costs and expenses in this situation turns on the "reasonableness of the removal," whereby they may be awarded "only

where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Although it is not necessary that the party seeking attorney fees show the removal of the case was in bad faith or not fairly supportable, such showings (or lack thereof) are appropriate factors for the court to consider in its analysis." *GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 394 F. Supp. 2d 1058, 1062 (N.D. Iowa 2005).

Although the Court rejects Garcia's contention that he had established residency in Michigan prior to the filing of the suit, the evidence of his intention to move to Michigan combined with his departure for the state around the time the suit was filed leaves his argument not so lacking in support as to lend no objectively reasonable basis for seeking removal. Furthermore, there is no showing of bad faith on Garcia's part. The Court declines to award costs and expenses incurred as a result of the removal.

## III.    Conclusion

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Remand to the Circuit Court of Pettis County, Missouri, [Doc. # 6] is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 7, 2010
Jefferson City, Missouri